IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3103-D

| | | |
|---|---|---|
| TIMOTHY NEWCOMB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| ALVIN W. KELLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On June 23, 2010, Timothy Newcomb ("Newcomb" or "plaintiff"), a state inmate appearing pro se, filed this complaint seeking relief pursuant to 42 U.S.C. § 1983 [D.E. 1]. On April 12, 2011, the court reviewed Newcomb's complaint and allowed his claim for deliberate indifference to a serious medical need to proceed against defendants Speros, Umesi, Miller, and Stover [D.E. 10]. On July 27, 2011, defendants Speros, Stover, and Umesi obtained an extension of time until September 9, 2011, to answer the complaint [D.E. 19]. On August 5, 2011, defendant Miller answered the complaint and filed a motion to dismiss [D.E. 20-21]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Newcomb about the motion to dismiss, the consequences of failing to respond, and the response deadlines [D.E. 23]. On August 17, 2011, Newcomb filed a motion to dismiss this action without prejudice [D.E. 24]. On August 23, 2011, defendant Miller filed a response in partial opposition [D.E. 25].

Newcomb seeks "dismissal without prejudice to allow plaintiff the opportunity to resubmit him [sic] claim against the named defendants." Pl.'s Mot. Dismiss at 1. Defendant Miller asks that the court dismiss the action with prejudice "for reasons cited and explained in her Motion to Dismiss, and accompanying brief, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

and North Carolina Rule of Civil Procedure 9(j)." Resp. Pl.'s Mot. Dismiss at 1.

Federal Rule of Civil Procedure 41(a)(1) allows a plaintiff to dismiss an action voluntarily before an answer or summary judgment motion is filed or by stipulation of the parties. Fed. R. Civ. P. 41(a)(1)(A). Because all remaining defendants have appeared and one defendant has answered the complaint and filed a motion to dismiss, the action "may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The purpose of Rule 41(a)(2) is to allow voluntary dismissals unless the parties will be unfairly prejudiced." Howard v. Inova Health Care Servs., 302 F. App'x 166, 178 (4th Cir. 2008) (per curiam) (unpublished) (quotation omitted).

Relevant factors for the court's consideration of a Rule 41(a)(2) motion include "the opposing party's effort and expense in preparing for trial, excessive delay and lack of diligence on the part of the movant, and insufficient explanation of the need for a voluntary dismissal, as well as the present stage of litigation." Id. at 179 (citations & quotations omitted). Here, the "court must focus primarily on protecting the interests of the defendant[s]." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). While defendant Miller relies on the merits of her motion to dismiss, she has not asserted that she would be unfairly prejudiced if the court grants plaintiff's request. The court has not set the action for trial, and defendants apparently have not engaged in substantial discovery or incurred significant expenses in defending the action. See Andes v. Versant Corp., 788 F.2d 1033, 1036–37 (4th Cir. 1986). Moreover "the mere filing of a motion for summary judgment is not, without more, a basis for refusing to dismiss without prejudice." Howard, 302 F. App'x at 179 (quotation omitted). Similarly, the "prospect of a second lawsuit" does not give rise to such prejudice. Davis, 819 F.2d at 1274.

2

In sum, the court GRANTS plaintiff's motion for a voluntary dismissal without prejudice [D.E. 24] pursuant to Federal Rule of Civil Procedure 41(a)(2), and this action is DISMISSED WITHOUT PREJUDICE. The court DENIES defendant Miller's motion to dismiss [D.E. 21] as moot. The Clerk of Court is DIRECTED to close the case.

SO ORDERED. This 23 day of August 2011.

JAMES C. DEVER III
United States District Judge